UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12285-GAO

MANUEL J. BARBOSA,
Petitioner,

v.

BRUCE GELB,
Respondent.

OPINION AND ORDER
September 26, 2014

O'TOOLE, D.J.

The petitioner, Manuel Barbosa, was convicted by a jury in Plymouth County Superior Court of first degree murder, carrying a firearm without a license, carrying a loaded firearm, possession of ammunition without a firearm identification card, and discharging a firearm within 500 feet of a building. He was sentenced to life imprisonment. The Supreme Judicial Court ("SJC") affirmed Barbosa's convictions. Commonwealth v. Barbosa, 972 N.E.2d 987 (Mass. 2012). On September 13, 2013, the petitioner, acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner simultaneously moved to hold his habeas petition in abeyance in order to seek counsel and exhaust additional, as yet unidentified, claims in state court. The respondent opposed the petitioner's motion to hold the habeas petition in abeyance and moved to dismiss the petition.

**I.   Background**

The facts are set forth in detail in the SJC opinion and are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1); Sanna v. Dipaolo, 265 F.3d 1, 7 (1st Cir. 2001). In brief,

> Shortly after midnight on December 26, 2008, an individual fired a single shot from a .38 caliber firearm into a dark and crowded party in Brockton. The bullet struck the victim, Hercules Dossantos, in the back, and he was pronounced dead three hours later. Three attendees identified the defendant as the shooter. . . .

927 N.E.2d at 989.

On direct appeal, the petitioner asserted a number of claims of error. Pertinent to the instant petition, he claimed that: (1) the judge improperly admitted a nine millimeter round of ammunition and magazine clip found in the petitioner's apartment; (2) the judge improperly admitted evidence of security measures in the petitioner's apartment; (3) the judge improperly admitted hearsay statements of a state trooper that bolstered testimony of the government's key witness; and (4) the judge erred in denying the petitioner's motion to suppress evidence obtained pursuant to a search warrant. As to the first three claims, the SJC held that the evidence should not have been admitted but found that the error was harmless and caused the petitioner no prejudice. As to the fourth claim, the SJC held that the motion to suppress was properly denied. In his petition for habeas corpus, the petitioner asserts the same four claims as grounds for relief.

## II.     State Law Evidentiary Claims

In the first three grounds of his petition, the petitioner simply renews his state law challenges. All three grounds involve the application of state evidentiary law concerning the admission of real evidence and witness testimony.

It is not within the province of this Court to review issues solely of Massachusetts law in a habeas proceeding. Sanna, 265 F.3d at 11 ("[f]ederal habeas relief cannot be granted merely because a state court errs in its application of state law."). To be cognizable on habeas review, a claim must involve clearly established federal law. 28 U.S.C. § 2254(d)(1). It is well established that the admissibility of evidence, as a specific issue of state law, is beyond the scope of habeas review. "The federal judiciary holds no roving commission to monitor case-by-case compliance

with rules of evidence in the trial courts of the several states. . . . [W]e are bound by the Massachusetts court's interpretation of its evidentiary law." Puleio v. Vose, 830 F.2d 1197, 1204 (1st Cir. 1987) (internal quotations omitted).

As to these three grounds, the petitioner makes no argument based in federal law. Instead, he asks this Court to review whether evidence was properly admitted by the state trial court in three instances. These are the identical questions resolved by the SJC in the petitioner's appeal. Applying Massachusetts law, the SJC held that evidence of the nine millimeter ammunition and security measures and the state trooper's testimony were improperly admitted but that the admission constituted harmless error. Barbosa, 972 N.E.2d at 994-98. The SJC's determination of harmless error is also a state law question for purposes of habeas review. "The application of a state harmless-error rule is, of course, a state question where it involves only errors of state procedure or state law." Chapman v. California, 386 U.S. 18, 21 (1967).

Finally, even had the SJC's rulings been erroneous under state law, such error would not rise to the level of a due process violation that would provide grounds for habeas review. Barbosa does not allege that the evidentiary rulings deprived him of a fundamentally fair trial, nor does the record contain any indication that they were "so arbitrary or capricious as to constitute an independent due process . . . violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). See also Molina v. Roden, 2012 WL 1866195, at *6 (D. Mass. May 21, 2012). To the contrary, the SJC's analysis, concluding that any errors were harmless and not prejudicial, attentively addressed and disposed of this question.

## III. Fourth Amendment Claim

Barbosa asserts a Fourth Amendment claim in his fourth ground for habeas relief, asking the Court to reassess whether the affidavit supporting the search warrant was sufficient to

3

establish probable cause. The respondent correctly contends that this Court is barred from reviewing the petitioner's Fourth Amendment claim.

Stone v. Powell, 428 U.S. 465 (1976), precludes Barbosa's claim. Where a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim in state courts, "the Constitution does not require that . . . [he] be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. Moreover, if a petitioner has had the opportunity for full and fair litigation in state court, "a federal habeas court lacks the authority . . . to second-guess the accuracy of the state court's resolution of those claims." Sanna, 265 F.3d at 9. A full and fair opportunity to litigate means "a set of procedures suitably crafted to test for possible Fourth Amendment violations." Id. A narrow exception lies where the petitioner can prove he had "no realistic opportunity" for full and fair litigation of his Fourth Amendment claim in state courts. Id. at 8; Massey v. Corsini, 2011 WL 2110763, at *3 (D. Mass. May 26, 2011).

The petitioner received a full and fair opportunity to litigate his claim. The petitioner's motion to suppress was fully briefed by both parties and was carefully considered by the Plymouth County Superior Court in a seven-page memorandum and order. The SJC affirmed the Superior Court decision after conducting an independent review. The petitioner does not suggest that he had "no realistic opportunity" for a full and fair litigation of his claim. Instead, he asks this Court to review on the accuracy of the state courts' decision, an exercise which Stone v. Powell clearly forecloses. Even had the state courts erroneously decided the suppression issue, that error alone would not "open the door" to federal habeas relief and cannot constitute in itself a denial of the opportunity for full and fair litigation, which is the sole question this Court can reach. See Sanna, 265 F.3d at 9.

**IV.     Abeyance**

The petitioner also asks this Court to hold his habeas petition in abeyance while he seeks counsel and exhausts additional claims in state court. The "stay and abeyance" procedure is appropriate where a "mixed" petition contains both exhausted and unexhausted claims and the district court is satisfied that there is good cause for the failure to exhaust. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Perry v. Gelb, 2014 WL 3735236, at *4 (D. Mass. July 25, 2014).

An abeyance is not appropriate in this case because the petitioner has exhausted all four claims presented in his habeas petition. He acknowledges that his petition is not mixed, and he has not identified what additional claims he wishes to exhaust. Moreover, as the respondent rightly points out, Barbosa does not demonstrate good cause for his failure to exhaust any additional claims, as Rhines requires.

**V.     Conclusion**

For the foregoing reasons, the respondent's motion to dismiss the petition for writ of habeas corpus (dkt. no. 9) is GRANTED. The petitioner's motion to hold the habeas corpus petition in abeyance (dkt. no. 3) is DENIED.

A certificate of appealability will not issue, as the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge